IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SHIRLEY RADABAUGH,           *
                             *
        Plaintiff,           *
                             *
        v.                   *        CV 124-027
                             *
AUGUSTA BUSINESS DAILY, LLC, *
                             *
        Defendant.           *
                             *

## O R D E R

Before the Court is Plaintiff's motion for default judgment. (Doc. 17.)  For the following reasons, Plaintiff's motion is **DENIED WITHOUT PREJUDICE.**

### I. BACKGROUND

This action arises out of Defendant's alleged copyright infringement of a photograph taken by Plaintiff.  (Doc. 1.) Plaintiff's complaint, filed March 12, 2024, sets forth the following facts.

Plaintiff is a self-taught photographer specializing in real estate photography, portraits, and landscape.  (Id. at 1.) Defendant is an online weekday newsletter delivered via email to nearly 12,000 businesses.  (Id.)  Defendant also owns and operates a website (the "Website").  (Id. at 2.)

In 2014, Plaintiff created a photograph titled "South Boundary" (referred to herein as the "Work").  (Id. at 2.)

Plaintiff registered the Work with the Register of Copyrights on August 19, 2015, and was assigned registration number Vau-1-231-611 (the "611 Registration"). (Id. at 3; Doc. 1-1.) Though Defendant has never been granted a license or other permission to use the Work, Radabaugh discovered on August 11, 2022, that Defendant had copied the Work and was using it on its Website. (Doc. 1, at 3-4.) Defendant made further copies and distributed the Work online for advertising and business promotion purposes in the course and scope of selling products and services. (Id. at 4; see Doc. 1-2.)

After twice notifying Defendant of its alleged infringement, Plaintiff filed suit on March 12, 2024, alleging one count of copyright infringement. (Doc. 1, at 4-5.) Defendant failed to answer or otherwise respond to the complaint, and the Clerk entered default as to Defendant on August 6, 2024. (Doc. 15.) Plaintiff moved for default judgment on August 30, 2024, seeking $37,500 in statutory damages. (Doc. 17.) Plaintiff's motion for default judgment is now ripe for the Court's review.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), "a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the

plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at *1 (S.D. Ga. May 4, 2020) (citing Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004)). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC, No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)); see also Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (holding default judgment is merited only "when there is a sufficient basis in the pleadings for the judgment entered" (internal quotation marks and citation omitted)).

A "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Surtain, 789 F.3d at 1245 (citation and quotation marks omitted); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks and citation omitted)). A defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law."

Surtain, 789 F.3d at 1245 (citation and internal quotation marks omitted).

### III. DISCUSSION

Defendant failed to appear, plead, or otherwise defend itself in this action. Accordingly, default judgment is appropriate if the above requirements are met. See Senn Brothers, 2020 WL 2115805, at *1 (citation omitted). The Court finds default judgment is not appropriate because Plaintiff has not provided evidence to support her claim for damages.

Even with a default judgment, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) (citations omitted). But a court need not conduct an evidentiary hearing when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1); S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). Plaintiff requests $37,500 in statutory damages. (Doc. 17, at 13.) Plaintiff does not request a hearing, and because the claim is for a sum certain, the Court finds an evidentiary hearing is not necessary.

The Copyright Act permits recovery of "actual damages suffered . . . as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are

4

not taken into account in computing the actual damages." 17 U.S.C. § 504(b). To establish profits, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Id. In the alternative, a copyright owner may seek statutory damages in an amount not less than $750 nor more than $30,000. 17 U.S.C. § 504(c)(1). When the infringement is found to have been committed willfully, however, a copyright owner may recover up to $150,000 at the court's discretion. 17 U.S.C. § 504(c)(2).

To establish actual damages, a plaintiff must "demonstrate a 'causal connection' between the defendant's infringement and an injury to the market value of the plaintiff's copyrighted work at the time of infringement." Montgomery v. Noga, 168 F.3d 1282, 1294 (11th Cir. 1999) (citations omitted). Actual damages "often [are] measured by the revenue that the plaintiff lost as a result of the infringement." Id. n.19 (citing Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 567 (1985)). "[A] claim for lost [revenue] may include a retroactive license fee measured by what the plaintiff would have earned by licensing the infringing use to the defendant." Thornton v. J Jargon Co., 580 F. Supp. 2d 1261, 1276 (M.D. Fla. 2008) (citations omitted). A plaintiff "must show that the thing taken had a fair market value" to establish

5

she is entitled to a retroactive license fee. Id. (citing On Davis v. The Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001), *as amended* (May 15, 2001)). "Courts have found adequate evidence supporting a finding of fair market value when: (1) the plaintiff demonstrates that he previously received compensation for use of the infringed work; or (2) the plaintiff produces evidence of benchmark licenses, that is, what licensors have paid for use of similar work." Id. at 1276-77 (citations omitted).

Plaintiff asserts she is entitled to at least $7,500 in actual damages – the amount of a retroactive license fee. (Doc. 17, at 10.) However, she instead seeks $37,500 in statutory damages because Defendant's infringement was willful and Defendant's failure to cooperate in discovery renders accurately calculating actual damages impossible. (Id. at 11.) Plaintiff calculated $37,500 by applying a multiplier of five to the retroactive license fee. (Id.) Plaintiff offers no evidence she ever licensed the Work for fees. Plaintiff also has not produced evidence of benchmark licenses. Therefore, Plaintiff has not established she suffered $7,500 in actual damages, the base figure from which she calculates her statutory damages. Accordingly, Plaintiff's motion for default judgment (Doc. 17) is **DENIED WITHOUT PREJUDICE.** Plaintiff may file a renewed motion for default judgment in accordance with this Order.

6

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment (Doc. 17) is **DENIED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of August , 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

7